UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHON BURNS NETHERLAND,

        Plaintiff,

v.                                         Case No. 3:22-cv-983-BJD-PDB

MIKE WILLIAMS, et al.,

        Defendants.
_____

## ORDER

      Plaintiff, Jonathon Burns Netherland, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1). He is proceeding *in forma pauperis*. *See* Order (Doc. 4). As Defendants, Plaintiff names former Sheriff Mike Williams, State Attorney Melissa Nelson, and three officers with the Jacksonville Sheriff's Office (JSO). Doc. 1 at 1, 3-4.

      Plaintiff alleges Officer Taylor negligently and carelessly pursued him through a residential neighborhood on February 25, 2022, causing him to crash his motorcycle and sustain physical injuries. *See generally* Docs. 1-2, 1-3. He alleges Officers Taylor and Cowan illegally searched his backpack and satchel and seized his motorcycle, and Officer Shouse unlawfully authorized the seizure of his motorcycle. *Id.* Finally, Plaintiff alleges Mike Williams and

Melissa Nelson are "responsible for taking [his] . . . motorcycle and keeping it without any due process of law." Doc. 1-3 at 2. As relief, he seeks to be released from prison, the return of his motorcycle, and damages. Doc. 1-4.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint or any portion of a complaint if it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.

2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Without referencing a specific constitutional amendment, Plaintiff identifies his claims broadly as (1) "negligent pursuit," (2) "illegal search," and (3) "due process violation." *See generally* Doc. 1-2. Liberally construing his allegations, Plaintiff suggests violations of the Fourth and Fourteenth Amendments. Even under a liberal interpretation, however, Plaintiff fails to state a plausible claim for relief against Mike Williams and Melissa Nelson.

Plaintiff alleges that Mike Williams and Melissa Nelson took and kept his motorcycle without due process of law. Doc. 1-3 at 1-2. A negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff alleges forfeiture proceedings were initiated. *See* Doc. 1-3 at 1-2. Regardless, however, in Florida, a person whose property has been wrongfully taken or retained may pursue a state-law claim for theft or conversion against the offending party. *See* Fla. Stat. § 772.11(1). Because Plaintiff has meaningful postdeprivation remedies available for the alleged unlawful retention of his

3

motorcycle, his due process claim is due to be dismissed. *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers allegedly seize or retain personal property); *see also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (affirming entry of summary judgment on the plaintiff's due process claims because state law and forfeiture proceedings "provided alternate postdeprivation avenues for recovery of [the property]").

Additionally, the claim against Melissa Nelson is due to be dismissed because prosecutors are entitled to absolute immunity for actions taken in their official capacities. *See Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). Finally, to the extent Plaintiff names former Sheriff Mike Williams as a Defendant merely because of the supervisory role he enjoyed at the time of the alleged violation, such a claim is not cognizable under § 1983. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior.").

Accordingly, it is

**ORDERED:**

1. Plaintiff's claims against Defendants Williams and Nelson are **DISMISSED without prejudice**. The **Clerk** shall terminate these Defendants as parties to the action.

2. The Court will direct service of process on the remaining Defendants by separate order.[1]

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of October 2022.

                                          BRIAN J. DAVIS
                                          United States District Judge

Jax-6
c:
Jonathon Burns Netherland

---

[1] In determining that the complaint can be served on the officer-Defendants, the Court makes no findings as to the likelihood of success of any of the claims Plaintiff asserts or purports to assert against those Defendants. Moreover, Plaintiff is advised that he may not seek release from prison through a civil rights action. Generally, a prisoner who seeks to attack the validity of his conviction must pursue relief through a habeas corpus action. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).